UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CAROLANN HIAA PALAKIKO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, OAHU CORRECTIONAL COMMUNITY CENTER, STATE OF HAWAII DISTRICT COURT (WAIANAE DIVISION), ALAKEA HONOLULU DIVISION, HONOLULU POLICE DEPARTMENT, LOCATIONS REALTORS (VILLAS AT AELOA), NAMED AND UN NAMED; AMANDA MERCADO, CHRYSTAL YEE, PUUWAI KEKOA-JOHNSON, HARLEY KIM-HAHN, MR. JEREMIAH, MR. KO, MR. MUELLER, MS. BALLARD, T. PERKIN, MR. GOEAS, HPD; MRS. GOEAS, HPD; MR. GAYABYAB, L. PALAKIKO, OTHERS HPD, AGNES BALALONG, BEN BALALONG, IKAIKA BALALONG, (SON); MIKE VAN ARSWAD, PUA FIFE, RICKY OKENO, CHANTEL OKENO, OTHERS NAMES UN NAMED, PUA FIFE UNCLE AND HOUSE HOLD, ARLENE SADALIN, AND HOUSE HOLD WITH OKENO; JUDGE DOI, JUDGE IHA, JUDGE YOO, JUDGE HAIA, JOE LOGAN, AND OTHERS; RICK BLANGIARDI, AND OTHERS, UN NAMED; DAVID IGE, AND OTHERS, UN NAMED; AND JOSH GREEN, AND OTHERS, UN NAMED;<br><br>　　　　　Defendants. | CIV. NO. 23-00463 LEK-KJM |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE; GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO <u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On November 16, 2023, pro se Plaintiff Carolann Hiaa Palakiko ("Plaintiff") filed the Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] For the reasons set forth below, the Complaint is dismissed without prejudice, and this Court will reserve ruling on the Application. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended complaint survives the screening process. Plaintiff's amended complaint must be filed by **January 22, 2024**.

### STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122,

2

> 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

3

> Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I. Screening of the Complaint

Plaintiff brings this action pursuant to Title 42 United States Code Section 1983. [Complaint at pg. 3.] The only factual allegations included in the Complaint is a short description of the events allegedly giving rise to Plaintiff's claims: "illegal arrest, false imprisonment, assaulted numerous times, threats, break ins, poisoned, stalked, ect [sic]," which allegedly occurred between January 3, 2019 and November 16, 2023. [Id. at pg. 4.]

Even liberally construing Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it

4

fails to state a claim upon which relief can be granted. See § 1915(e)(2)(B). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Plaintiff asserts conclusory allegations such as "illegal arrest" without any supporting factual allegations linked to specific defendants. This is insufficient to state a claim for relief, particularly when such terms comprise a large portion of the Complaint. Simply put, there is not enough information in the Complaint to state a plausible claim for relief. See Iqbal, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citation omitted)). Therefore, the Complaint is DISMISSED. However, because it is arguably possible for Plaintiff to cure the defects in the Complaint, the dismissal must be without prejudice – in other words, with leave to amend. See Lucas, 66 F.3d at 248.

If Plaintiff should so choose, Plaintiff may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. To do so, Plaintiff's amended complaint must explain: (1) the specific basis for the federal jurisdiction; (2) the constitutional, statutory, or other legal rights she believes were violated; (3) each defendant's precise actions or

inactions; (4) when each defendant acted or failed to act; (5) how each defendant's actions or inactions are connected to the alleged violations of Plaintiff's rights; and (6) the specific injuries that Plaintiff suffered as a result of the defendants' conduct. Failure to affirmatively allege that each defendant's conduct is connected to a specific injury Plaintiff suffered will result in such allegations being dismissed for failure to state a claim.

Plaintiff's amended complaint must include all of the claims that she wishes to allege, and all of the allegations that her claims are based upon, even if she previously presented them in the original Complaint. She cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if she fails to file her amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, her claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

**II. Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the

Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint for Violation of Civil Rights, filed November 16, 2023, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file her amended complaint by **January 22, 2024.** The amended complaint must comply with the terms of this Order.

In addition, the Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 16, 2023. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 21, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CAROLANN HIAA PALAKIKO VS. STATE OF HAWAII, ET AL; CV 23-00463 LEK-KJM; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE; GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS